UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                          CRIMINAL ACTION NO.
                                                                   3:96CR-50 - J
DANIEL B. POORE

**MEMORANDUM**

This matter is before the Court on Mr. Poore's "motion for return of property." The Court has delayed decision on this matter until the full file could be obtained from the archives in Georgia. Having reviewed the file and studied the arguments of the parties, the Court is of the opinion that the motion should be denied.

In 1996, pursuant to a plea agreement, Mr. Poore entered a plea of guilty to a number of counts of drug offenses and money laundering. The indictment (at Count 104) also sought forfeiture of specifically described property, property that is the subject of the current motion. In the written agreement he executed, Mr. Poore agreed to that forefeiture. In February of 1997, the Court entered judgment in accordance with the plea agreement. On December 1, 1997, the Court entered a preliminary order of forfeiture, disposing of Mr. Poore's interest in the property, and stating that a final order of forfeiture would enter following adjudication of all third party interests.

In August of 1998, Mr. Poore, again represented by counsel, filed a petition pursuant to 28 U.S.C. Sec. 2255. It contained no mention of any forfeiture issue. On December 15, 1998, the United States filed an "Unopposed Motion to Enter Concluding Final Order of Forfeiture."

1

Mr. Poore filed no response, nor did he object when the Court granted the motion. In January 1999, the Court denied Mr. Poore's Sec. 2255 petition. Mr. Poore did not appeal, and remained silent until filing the current motion almost seven years thereafter.

Notwithstanding Mr. Poore's suggestion in his Reply, the record is devoid of any indication of proceedings without Mr. Poore's consent. He personally executed the plea agreement. In accepting his plea of guilty, the Court ascertained that Mr. Poore's desire to change his plea in accordance with the plea agreement was voluntary and that his decision was made with full understanding of his rights. Despite this, and despite his having been represented by two different attorneys, Mr. Poore never raised any challenge to the forfeiture until late September 2005. There is no legal or logical basis for reopening this matter.

An order in conformity has this day entered.